UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| David Lee Buess, | ) | CASE NO. 3:14cv1493 |
| | ) | |
| Plaintiff, | ) | Judge Jeffrey J. Helmick |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OPINION |
| | ) | & ORDER |
| Barack Obama, et al., | ) | |
| | ) | |
| Defendants. | ) | |

*Pro se* plaintiff David Lee Buess filed the above-captioned action against President Barack Obama, the Internal Revenue Service (IRS), Hancock Federal Credit Union, William C. Cobb, Department of Treasury Financial Management Services, Social Security Administration, and Department of Treasury Secretary Lew. The action is captioned as a "Rule 55 Default Judgment."

On August 18, 2014, Plaintiff filed another document captioned Default Judgment. (Doc. No. 4.) Because the second document is almost identical to the first, except for the relief Plaintiff seeks to recover, the document is construed as an Amended Complaint. Henceforth, the court will refer solely to the Amended Complaint. *See B & H Medical, LLC v. ABP Admin., Inc.*, 526 F.3d 257, 268 n.8 (6th Cir.2008) (quoting D*rake v. City of Detroit*, 266 Fed. Appx. 444, 448 (6th Cir. 2008)) (stating that a prior "complaint is a nullity, because an amended complaint supersedes all prior complaints"). For the reasons stated below, this action is dismissed.

Plaintiff describes himself as "david-lee; family of buess (non-corporation) a man." (Doc. No. 4 at 1.) He then lists four "Public Notices" declaring various legal theories that have no basis in fact or law. The Notices are followed by a "True Bill and Invoice" seeking a sum certain in payment for a default judgment to which Plaintiff believes he is entitled. To that end, he avers the following:

1

> Whereas the INTERNAL REVENUE SERVICE failed to answer summons in the COURT OF COMMON PLEAS, COUNTY OF HANCOCK STATE OF OHIO Case No. 2008 cv 454 Judge REGINOLD J ROUTSON a default judgment is herein demanded. Judge Routson refused to rule on motion for default a fraud upon the plaintiff and the court. Obstruction of Justice.

(Doc. No. 4 at 4.)

The remainder of the pleading is devoted to Plaintiff's assertions that the Defendants conspired to steal his property without due process of law. I presume the property at issue involves Plaintiff's earnings because he proffers various definitions of "income" to support his theory that "wages" are not considered income. From this, he concludes Congress cannot enforce any law defining income.

Citing "U.S. v. Constantine," Plaintiff further believes the Supreme Court ruled that the IRS is unconstitutional.[1] Therefore, he surmises that any attempt to assess taxes against him is a violation of the law.

In his prayer for relief, Plaintiff seeks a default judgment against the Defendants and to have "any and all tax levies and liens . . . immediately expunged, terminated, nul [sic] and void on face, ab inito [sic]." (Doc. No. 4 at 6.) Finally, he seeks an order directing the Defendants to "pay forward . . . $298,361,101.34 . . . in lawful money per 12 USC 48 Statute 337 and or gold and silver in accordance with Bill and Invoice herein attached." *Id.*

## I.    INITIAL REVIEW

---

[1] This is presumably a reference to *United States v. Constantine,* 296 U.S. 287 (1935). In November, 1934, the respondent was indicted in the District Court for Northern Alabama on charges of conducting the business of a retail dealer in malt liquor contrary to the laws of the state , without having paid the special excise tax of $1,000 imposed by section 701 of the Revenue Act of 1926. Pursuant to a stipulation of facts, the court found the respondent had a restaurant in Birmingham, where he conducted the business of a retail dealer in malt liquors containing more than one-half of one percent alcohol, contrary to the laws of the state and of the city; and, had not paid the $1,000 tax. The Circuit Court of Appeals reversed the judgment on the ground that the section became inoperative upon the repeal of the Eighteenth Amendment. The Supreme Court affirmed.

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), a "district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999); *see Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (citing numerous Supreme Court cases for the proposition that patently frivolous claims divest the district court of jurisdiction); *In re Bendectin Litig.*, 857 F.2d 290, 300 (6th Cir. 1988) (recognizing that federal question jurisdiction is divested by obviously frivolous and unsubstantial claims).

### FAILURE TO STATE A CLAIM

A complaint may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. *See Schied v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988). District courts are not required to conjure up questions never squarely presented to them or to construct full-blown claims from sentence fragments. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). To do so would "require ...[the courts] to explore exhaustively all potential claims of a *pro se* plaintiff, ... [and] would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Id.* at 1278.

3

Legal conclusions alone are not sufficient to present a valid claim, and this Court is not required to accept unwarranted factual inferences. *See Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987); *see also, Place v. Shepherd*, 446 F.2d 1239 (6th Cir. 1971) (conclusory section 1983 claim dismissed). Even liberally construed, the Complaint does not contain allegations reasonably suggesting Plaintiff might have a valid federal claim. *See Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716 (6th Cir. 1996) (court not required to accept summary allegations or unwarranted legal conclusions in determining whether complaint states a claim for relief).

### III. CONCLUSION

Accordingly, this action is dismissed for failing to state a federal claim for relief. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

**So Ordered.**

s/Jeffrey J. Helmick<br>*United States District Judge*

---

[2] 28 U.S.C. § 1915(a)(3) provides: "An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."